IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BIG WILL ENTERPRISES INC. §<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>ALINSCO MANAGING GENERAL §<br>AGENCY, INC., §<br>*Defendant.* § | Civil Action No. 6:23-cv-00341 |

**DEFENDANT ALINSCO MANAGING GENERAL AGENCY, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant, Alinsco Managing General Agency, Inc. ("Alinsco" or "Defendant"), submits its Answer to Plaintiff Big Will Enterprises, Inc.'s ("Plaintiff") Complaint for Patent Infringement, [Doc. No. 1], ("Complaint"), as follows:

### A.    ALINSCO MANAGING GENERAL AGENCY, INC.'S ANSWER

This is Defendant Alinsco's Answer to the Complaint.[1]

### INTRODUCTION

1.     Paragraph 1 of the Complaint contains a characterization of Plaintiff's allegations and claims which are primarily argumentative and/or include legal rather than factual matter, thus Defendant is not required to admit or deny. To the extent necessary, Defendant denies the allegations in this paragraph.

2.     Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

---

[1] This Answer is filed solely on behalf of Defendant Alinsco, the only defendant that has been served in this case.

3. To the extent Paragraph 3 states legal conclusions, no response is required. To the extent a response is required, Defendant states that United States Patent Nos. 8,452,273 ("'273"); 8,559,914 ("'914"); 8,737,951 ("'951"); 9,049,558 ("'558") and 10,521,846 ("'846") speak for themselves. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

## JURISDICTION AND VENUE

4. Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in this paragraph and, on that basis, deny them.

5. Defendant admits the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Paragraph 6 of Plaintiff's Complaint contains legal conclusions or arguments to which no response is required.

7. Paragraph 7 of the Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant admits that this Court has subject-matter jurisdiction over the causes of action Plaintiff purports to state in its Complaint but deny that Plaintiff is entitled to any relief on any of its causes of action against Defendant.

8. Paragraph 8 of Plaintiff's Complaint contains legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant admits that this Court has personal jurisdiction over the causes of action Plaintiff purports to state in its Complaint but deny that Plaintiff is entitled to any relief on any of its causes of action against Defendant.

9. To the extent Paragraph 9 states legal conclusions, no response is required. To the extent a response is required, Defendant admits that venue is proper in this District and denies the remaining allegations in this paragraph.

10. Defendant admits that it regularly conducts business in the Western District. Defendant denies all remaining allegations in Paragraph 10. Specifically, Defendant denies that it has, at any point, committed acts of infringement, either directly or through intermediaries, or contributed, either directly or through the inducement of third-parties, infringement in the Western District.

11. Defendant does not own, operate, manage, conduct business or direct and control the operations of the facilities (or employees) at the addresses listed in 1-10 in Paragraph 11 of Plaintiff's Complaint. Defendant denies Plaintiff's allegations stating otherwise. Defendant denies Plaintiff's allegations in Paragraph 11 in its entirety.

12. Defendant admits the allegations in Paragraph 12 of Plaintiff's Complaint regarding Defendant offering its products and services for sale to customers residing in Texas and the Western District. Defendant admits to having an online presence via "www.alinsco.com". Further, Defendant admits the quote in Paragraph 12 is accurate with the exception of the typo following "rate..[sic]" as only 1 period exists, as follows, "rate.".

13. Defendant admits the allegations in Paragraph 13 of Plaintiff's Complaint regarding it having continuous and systematic contacts with Texas and the Western District. Defendant mischaracterizes that every agent has actual and apparent authority to act on behalf of Alinsco in the Western District. Defendant denies the remaining allegations.

14. Defendant admits the allegations in Paragraph 14 of the Complaint regarding it selling various car insurance products. Defendant has not committed acts of infringement in the Western District and denies Plaintiff's allegations stating otherwise. Defendant denies the remaining allegations in this paragraph.

15. Defendant admits the allegations in Paragraph 15 of the Complaint regarding it regularly conducting business in the Western District. Defendant denies the remaining allegations in this paragraph.

16. Defendant denies the allegations in Paragraph 16 of the Complaint as Defendant has not, at any point, directly or indirectly committed acts of infringement, including contributory infringement, nor has it contributed to infringement in the Western District.

## ALLEGATIONS COMMON TO ALL COUNTS

17. To the extent Paragraph 17 states legal conclusions, no response is required. To the extent a response is required, Defendant states that United States Patent Nos. '273; '914; '951; '558 and '846 speak for themselves. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, deny them.

19. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and, on that basis, deny them.

20. To the extent Paragraph 20 states legal conclusions, no response is required. To the extent a response is required. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in this paragraph and, on that basis, deny them.

21. Defendant admits the allegations in Paragraph 21 of the Complaint regarding it selling various insurance products and services. Defendant denies the remaining allegations in this paragraph as it mischaracterizes Defendant's business. Further, the terms included in this paragraph are not defined; therefore, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 21 and, on that basis, deny them.

## COUNT I
## DIRECT INFRINGEMENT OF THE '846 PATENT

22. Defendant incorporates by reference its answers to Paragraphs 1-21 to this Answer as though fully stated herein.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 and, on that basis, deny them.

24. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, deny them.

25. Defendant admits the Alinsco application is available via smartphone and denies all remaining allegations in Paragraph 25 of the Complaint. Defendant denies infringing, at any point, upon one or more claims of the '846 Patent.

26. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 regarding the '846 Patent and, on that basis, deny them. Defendant denies that the Alinsco application includes accelerometers and gyroscopes as well as all remaining allegations in Paragraph 26 of the Complaint.

27. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

30. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

31. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

32. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

33. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 regarding the '846 Patent and, on that basis, deny them. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies the remaining allegations in this paragraph.

34. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

35. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

36. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 regarding the '846 Patent and, on that basis, deny them. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies the remaining allegations in this paragraph.

37. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

38. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 regarding the '846 Patent and, on that basis, deny them. Defendant denies the remaining allegations in this paragraph.

39. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 regarding the '846 Patent and, on that basis, deny them. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies the remaining allegations in this paragraph.

40. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40 regarding the '846 Patent and, on that basis, deny them. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies the remaining allegations in this paragraph.

## COUNT II
## DIRECT INFRINGEMENT OF THE '558 PATENT

41. Defendant incorporates by reference its answers to Paragraphs 1-21 to this Answer as though fully stated herein.

42. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42 regarding the '558 Patent and, on that basis, deny them.

43. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 43 regarding the '558 Patent and, on that basis, deny them.

44. Defendant denies that it has directly or indirectly infringed, at any point, upon one or more claims of the '558 Patent. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies all remaining claims in Paragraph 44.

45. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 45 regarding the '558 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 45.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 46 regarding the '558 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 46.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 47 regarding the '558 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 47.

48. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48 regarding the '558 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 48.

49. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49 regarding the '558 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 49.

## COUNT III
## DIRECT INFRINGEMENT OF THE '951 PATENT

50. Defendant incorporates by reference its answers to Paragraphs 1-21 to this Answer as though fully stated herein.

51. To the extent Paragraph 51 states legal conclusions, no response is required. To the extent a response is required, Defendant states that United States Patent No. '951 speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51 regarding the '951 Patent and, on that basis, deny them.

52. To the extent Paragraph 52 states legal conclusions, no response is required. To the extent a response is required, Defendant states that United States Patent No. '951 speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 52 regarding the '951 Patent and, on that basis, deny them.

53. Defendant denies that it has directly or indirectly infringed, at any point, upon one or more claims of the '951 Patent. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies all remaining claims in Paragraph 53.

54. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 54 regarding the '951 Patent and, on that basis, deny them.

Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 54.

## COUNT IV
## DIRECT INFRINGEMENT OF THE '914 PATENT

55. Defendant incorporates by reference its answers to Paragraphs 1-21 to this Answer as though fully stated herein.

56. To the extent Paragraph 56 states legal conclusions, no response is required. To the extent a response is required, Defendant states that United States Patent No. '914 speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 56 regarding the '914 Patent and, on that basis, deny them.

57. To the extent Paragraph 57 states legal conclusions, no response is required. To the extent a response is required, Defendant states that United States Patent No. '914 speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 57 regarding the '914 Patent and, on that basis, deny them.

58. Defendant denies that it has directly or indirectly infringed, at any point, upon one or more claims of the '914 Patent. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies all remaining claims in Paragraph 58.

59. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 59 regarding the '914 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that

the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 59.

60. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 60 regarding the '914 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 60.

## COUNT V
## DIRECT INFRINGEMENT OF THE '273 PATENT

61. Defendant incorporates by reference its answers to Paragraphs 1-21 to this Answer as though fully stated herein.

62. To the extent Paragraph 62 states legal conclusions, no response is required. To the extent a response is required, Defendant states that United States Patent No. '273 speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 62 regarding the '273 Patent and, on that basis, deny them.

63. To the extent Paragraph 63 states legal conclusions, no response is required. To the extent a response is required, Defendant states that United States Patent No. '273 speaks for itself. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 regarding the '273 Patent and, on that basis, deny them.

64. Defendant denies that it has directly or indirectly infringed, at any point, upon one or more claims of the '273 Patent. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies all remaining claims in Paragraph 64.

65. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 regarding the '273 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 65.

66. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 regarding the '273 Patent and, on that basis, deny them. Defendant admits that the Alinsco application is available on a smartphone. Defendant denies that the Alinsco application includes accelerometers and gyroscopes. Defendant denies all remaining claims in Paragraph 66.

## DEMAND FOR JURY TRIAL

67. No response is required to Plaintiff's demand for a trial by jury.

## REQUEST FOR RELIEF

Defendant is not, as a matter of law, obligated to respond to Plaintiff's request for relief; however, to the extent necessary, Defendant denies that Plaintiff is entitled to any of the relief requested and any relief at all.

### B. DEFENDANT ALINSCO MANAGING GENERAL AGENCY, INC.'S AFFIRMATIVE DEFFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), Defendant hereby sets forth the following avoidances and affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE:
## NON-INFRINGEMENT

1. Defendant Alinsco has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of United States Patent Nos. 8,452,273 ("'273"); 8,559,914 ("'914"); 8,737,951 ("'951"); 9,049,558 ("'558") and 10,521,846 ("'846")— literally, equivalently, directly, contributorily, by inducement, willfully, or otherwise.

## SECOND AFFIRMATIVE DEFENSE:
## INVALIDITY

2. The claims of the '846, '558, '951, '914 and '273 Patents are invalid for failing to comply with the conditions and requirements of patentability set forth in 35 U.S.C. § 1 *et seq.*, including without limitation §§ 101, 102, 103, and/or 112.

## THIRD AFFIRMATIVE DEFENSE:
## UNENFORCEABILITY DUE TO LACHES, WAIVER, ESTOPPEL, IMPLIED LICENSE AND/OR ACQUIESENCE

3. Plaintiff's claims of infringement against Defendant Alinsco are barred and the '846, '558, '951, '914 and '273 Patents are unenforceable against Defendant Alinsco due to the doctrines of laches, waiver, estoppel, implied license, and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE:
## PROSECUTION HISTORY ESTOPPEL

4. Plaintiff's enforcement of the '846, '558, '951, '914 and '273 Patents is barred, in whole or in part, by the doctrine of prosecution history estoppel.

## FIFTH AFFIRMATIVE DEFENSE:
## LIMITATIONS ON RELIEF UNDER 35 U.S.C. §§ 286 AND 287

5. Plaintiff's claims for relief and prayer for damages are limited by 35 U.S.C. §§ 286 and 287. Plaintiff may not claim pre-lawsuit damages, in whole or in part, for failure to

comply with 35 U.S.C. § 287.

## SIXTH AFFIRMATIVE DEFENSE: NO IRREPARABLE HARM

6. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate and/or irreparable, and Plaintiff already has an adequate remedy at law.

## SEVENTH AFFIRMATIVE DEFENSE: PRIOR USE

7. Plaintiff's claims of infringement against Defendant Alinsco are barred due to prior commercial use under 35 U.S.C. § 273.

## EIGHTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM

8. Plaintiff has failed to state a claim upon which relief can be granted.

## NINTH AFFIRMATIVE DEFENSE: PATENT MISUSE

9. The '846, '558, '951, '914 and '273 Patents are unenforceable in view of Plaintiff's patent misuse.

## TENTH AFFIRMATIVE DEFENSE: UNCLEAN HANDS

10. The '846, '558, '951, '914 and '273 Patents are unenforceable in view of Plaintiff's unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE: LACK OF OWNERSHIP AND STANDING

11. To the extent Plaintiff does not own all rights to the '846, '558, '951, '914 and

'273 Patents, Plaintiff's Complaint must be dismissed for lack of standing.

## RESERVATION OF ADDITIONAL DEFENSES

12. Defendant Alinsco's investigation of this matter is ongoing including, for example, the investigation of facts relating to the prosecution of the '846, '558, '951, '914 and '273 Patents. Defendant reserves all defenses under the Federal Rules of Civil Procedure, the patent laws of the United States, other applicable state or federal laws, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER

WHEREFORE, Defendant Alinsco Managing General Agency, Inc. prays for judgment against Plaintiff Big Will Enterprises, Inc. as follows:

(a) Dismiss with prejudice all of Plaintiff's claims against Defendant Alinsco;

(b) Order that Plaintiff take nothing from Defendant Alinsco;

(c) Enter judgment that Defendant Alinsco does not infringe the '846, '558, '951, '914 and '273 Patents;

(d) Enter judgment that the '846, '558, '951, '914 and '273 Patents are unenforceable against Defendant Alinsco and

(e) Award Defendant Alinsco such other relief as this Court may deem just and proper.

Respectfully submitted,

FERGUSON BRASWELL FRASER KUBASTA PC

*/s/    Robert P. Lord*
    Robert P. Lord
    State Bar No. 00791136
    SDTXN: 29279
    3200 Southwest Freeway, Suite 3200
    Houston, Texas 77027
    Telephone: 713-403-4248
    Fax: 713-403-4201
    Emails: rlord@fbfk.law

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing was served via the Court's ECF Filing System to all counsel of record on this 19th day of July 2023.

*/s/    Robert P. Lord*
    Robert P. Lord